In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00218-CR


______________________________




EARL CHARLES REYNOLDS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 27356-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Earl Charles Reynolds appeals his conviction for aggravated assault. Reynolds pled
guilty without a plea agreement, and the trial court sentenced him to ten years'
imprisonment. In the same proceeding, Reynolds also pled guilty to three other
aggravated assault offenses and to one unlawful possession of a firearm by a felon
offense. The trial court sentenced him to fifteen years' imprisonment for one of the
aggravated assault offenses and to ten years' imprisonment for each of the other
aggravated assault offenses and for the unlawful possession of a firearm by a felon
offense. All sentences were ordered to run concurrently.

 The trial court then recessed the proceedings and took up the State's motion to
revoke Reynolds' community supervision, which was previously imposed after Reynolds
was convicted of assault on a public servant. Reynolds pled true to the State's single
allegation. The trial court revoked Reynolds' community supervision and sentenced him
to ten years' imprisonment. The trial court announced from the bench that Reynolds'
sentence would be stacked on the sentences he received for the aggravated assault and
unlawful possession of a firearm by a felon offenses. However, the judgment does not
contain a stacking order.

 Reynolds has also filed appeals from the other three aggravated assault convictions,
the unlawful possession of a firearm by a felon conviction, and the revocation of his
community supervision. We address each of those appeals in separate opinions.

 Reynolds' attorney has filed an appellate brief in which he concludes that after a
review of the record and the related law, the appeal is frivolous and without merit. He has
evaluated the record and has found no error that arguably supports an appeal. The brief
thus meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), and Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). 
Reynolds did not file a response pro se.

 The record reflects that Reynolds waived his right to a jury in open court and in a
document signed by his attorney, the prosecutor, the trial judge, and him. See Tex. Code
Crim. Proc. Ann. art. 1.13(a) (Vernon Supp. 2001). The trial court accepted his waiver,
noted it in the judgment, and ordered that it be entered in the minutes of the court. Id.

 The record also shows the trial court gave Reynolds the admonishments required
by Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2001) both orally and in
writing. Furthermore, it appears from the record that Reynolds was mentally competent,
that he entered his plea knowingly and voluntarily, that he was ably assisted by counsel,
and that the trial court satisfied itself that these conditions were met. See Tex. Code Crim.
Proc. Ann. art. 26.13(b) (Vernon 1989). The trial court also ordered preparation of a
presentence investigation report as required by Tex. Code Crim. Proc. Ann.
art. 42.12, § 9(a) (Vernon Supp. 2001).

 The record further shows that Reynolds signed a written waiver of his right to the
appearance, confrontation, and cross-examination of witnesses. See Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon Supp. 2001). The trial court admitted evidence of Reynolds'
guilt in the form of a written stipulation of evidence, police reports, and witness statements
as required by Tex. Code Crim. Proc. Ann. art. 1.15. 

 In his Anders brief, Reynolds' attorney observes that the trial court sentenced
Reynolds to less than the maximum punishment for the aggravated assault offense at
issue in this appeal. The trial court also ordered that the sentence for the aggravated
assault conviction run concurrently with his sentence for the other aggravated assault
convictions and the unlawful possession of a firearm by a felon conviction. Thus, his
attorney concludes, the sentence is not disproportionate to the offense or otherwise
unconscionable. We agree.

 We have also conducted our own review of the record and discern no arguable
issues. The judgment is affirmed.


 Donald R. Ross

 Justice


Date Submitted: October 15, 2001

Date Decided: October 16, 2001


Do Not Publish




/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00117-CV

                                                ______________________________

 

 

TERRY
WILSON AND CASSANDRA WILSON, INDIVIDUALLY AND AS NEXT FRIENDS OF LARRY WILSON,
A MINOR, Appellants

 

                                                                V.

 

                  PHILIP SERVICES CORPORATION, ET AL., Appellees

 

 

                                                                                                  


 

 

                                        On Appeal from the 76th Judicial District Court

                                                              Titus County, Texas

                                                            Trial
Court No. 32,783

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Terry and
Cassandra Wilson filed their notice of appeal December 28, 2009.  The clerks record was originally due on or
before January 29, 2010.  Although we
have granted two extensions of time, no clerks record has been filed, and
although we have been informed that the district clerks office has provided
appellants with information concerning the cost of the record, appellants have
not contacted the district clerk to pay for or to make arrangements to pay for
the clerks record in this case.

            On April 19,
2010, we contacted appellants by letter, giving them an opportunity to cure this
defect, and warning them that if we did not receive an adequate response within
ten days, this appeal would be subject to dismissal for want of
prosecution.  See Tex. R. App. P.
42.3(b), (c).

            We have received no communication from the appellants.  Pursuant to Tex.
R. App. P. 42.3(b), (c), we dismiss this appeal for want of
prosecution.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
11, 2010  

Date Decided:             May
12, 2010